IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:16CR3047 |
| vs. | |
| RAYANNE PAULMAN, | MEMORANDUM AND ORDER |
| Defendant. | |

The defendant moves for compassionate release. The motion will be denied because she is a danger to the community.

The defendant was sentenced for exchanging child pornography. The evidence set forth in the presentence report revealed that the defendant and her male friend emailed each other about abusing at least one, and possibly two, children for whom the defendant had access. (Filing 65.) (I am being vague to protect the identity of the children.)

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The statute reads in pertinent part:

> [t]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

> factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

After considering the factors enumerated in 18 U.S.C. § 3553(a), I may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* In so doing, I find it helpful to consult, but not be bound by, U.S.S.G § 1B1.13 inasmuch as that policy statement was not amended after the adoption of 18 U.S.C. § 3582(c)(1)(A).

I now find and conclude that the defendant's sentence should not be reduced even if I assume that the defendant, age 40, is in very poor physical condition, and such facts constitute extraordinary and compelling circumstances under the statute or the policy statement. *See, e.g., United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) (affirming denial of compassionate release motion; stating: "In other words, the district court assumed that Rodd's health and family concerns constituted extraordinary and compelling reasons for compassionate release. Therefore, we need only determine 'whether the district court abused its discretion in determining that the § 3553(a) factors weigh against granting [Rodd's] immediate release.'") (citation omitted.) *See also United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020) (affirming denial of compassionate release motion and noting that: "An application note [to USSG § 1B1.13] acknowledges that the district court is 'in a unique position to determine whether the circumstances warrant a reduction,' after considering the factors set forth in 18 U.S.C. § 3553(a) and the circumstances listed in the policy statement. Id., comment. (n.4).").

Given the evidence reflected in the offense of conviction, I conclude the defendant remains a threat to the community and specifically young children. Still

further, general deterrence must mean something. Just punishment must mean something. The seriousness of the offense must mean something. Promotion of respect for the law must mean something. These sentencing goals do not disappear because a person is sick and vulnerable to the pandemic. Weighing all the § 3553(a)(1)-(7) factors together, the defendant must remain in prison.

IT IS ORDERED that the compassionate release motion (filing 87) is denied.

Dated this 17th day of December, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge